CUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

HAROLD DAVID FOGLE,                    )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )        Case No. 2:25-cv-00077-SRW
                                       )
STEPHEN KORTE, et al.,                 )
                                       )
          Defendants.                  )

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Harold David Fogle brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $3.36.  *See* 28 U.S.C. § 1915(b)(1).  As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915.  Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  Because this case is being dismissed, Plaintiff's motion for appointment of counsel will be denied as moot.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), an inmate bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the inmate has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the inmate's account, or (2) the average monthly balance in the inmate's account for the prior six-month period.

After payment of the initial partial filing fee, the inmate is required to make monthly payments of 20 percent of the preceding month's income credited to the inmate's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the inmate will forward these monthly payments to the Clerk of Court each time the amount in the inmate's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff is an imate at Western Reception, Diagnostic and Correctional Center (WRDCC) in St. Joseph, Missouri.  ECF No. 2 at 1.  In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $68.33 and an average monthly balance of $16.80 (as of the tenth of each month).  ECF No. 4. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $3.36, which is twenty percent of Plaintiff's average monthly balance.  *See* 28 U.S.C. § 1915(b)(1).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Although Plaintiff is currently confined at WRDCC, the allegations of his complaint relate to an incident that occurred in Bowling Green, Missouri while Plaintiff was in the custody of the Pike County Sheriff's Department. ECF No. 1 at 3-4. The named defendants in this 42 U.S.C. § 1983 action are the Pike County Sheriff's Department itself, and two of its employees, Sheriff Stephen Korte and Deputy Unknown Moser.[1] *Id.* at 1-3. Both individual defendants are named in their official capacities only. *Id.* at 2-3.

According to the allegations of the complaint, on January 15, 2023, Plaintiff was in a prisoner transport van—handcuffed to a belly chain and with leg shackles on—when the van struck a parked car "at a high rate of speed." *Id.* at 3. Plaintiff states that he and the other inmates had been placed in the van by Deputy Moser with "no seatbelts." *Id.* After the collision, another

---

[1] Plaintiff did not attach an additional page to the form complaint to include "Pike County Sheriff's Department" in the 'Defendants' section of his complaint, but he did include this defendant in the caption of the complaint. ECF No. 1 at 1-3. Therefore, the Clerk of Court will be directed to add "Pike County Sheriff's Department" to the docket sheet as a defendant in this matter.

inmate in the van informed Moser that Plaintiff "was knocked on to the floor and needed medical attention." *Id.* at 4. Regardless, Moser "ignored him." The Sheriff was contacted by phone and when he arrived, Deputy Moser left. Plaintiff was transported to a prison "that same afternoon" where the prison nurse informed him that he had four (4) cracked ribs and a concussion. Plaintiff claims that his rights were violated when he was denied medical treatment at the scene of the accident. *Id.*

Plaintiff lists his injuries as four (4) cracked ribs, concussion, "neck was very stiff and hurts, right hip and right shoulder and knee." *Id.* at 4. For relief, Plaintiff seeks $350,000 in damages. *Id.* at 5.

## Discussion

Based on a careful review and liberal construction of the allegations of Plaintiff's complaint, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). One such federally protected right is the Eighth Amendment's prohibition on cruel and unusual punishment, which protects prisoners from deliberate indifference to serious medical needs.[2] *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail

---

[2] Although it is unclear from the allegations of the complaint whether Plaintiff was a pretrial detainee or a convicted state prisoner at the time of this incident, it does not matter for purposes of this analysis. Typically, the Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Regardless, this distinction "makes little difference as a practical matter," because the same legal standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have

on a deliberate indifference claim, an inmate plaintiff must demonstrate that he suffered from an objectively serious medical need, and that defendants actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

## I.      Individual Defendants: Sheriff Korte and Deputy Moser

Plaintiff brings this § 1983 action against the individual defendants in their official capacities only.  ECF No. 1 at 2-3.  Yet, a suit brought against a governmental official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Thus, Plaintiff's official-capacity claims against Korte and Moser must be treated as claims against the governmental entity which employs them—Pike County.  In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983.  Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise."  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018).

---

applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

In this case, Plaintiff's allegation that he should have been provided medical care at the scene of the accident does not state a claim of a constitutional violation by Pike County under *Monell*. Plaintiff does not assert that the individual defendants' actions resulted from any Pike County policy, custom, or deliberately indifferent failure to train or supervise. Furthermore, there is no evidence that Plaintiff was harmed by a particular Pike County policy and there is no assertion of a pattern of unconstitutional misconduct constituting a municipal custom. Finally, Plaintiff alleges no facts establishing that Pike County had notice that its training procedures were inadequate. Therefore, Plaintiff fails to state a municipal liability claim against Pike County. For this reason, Plaintiff's official-capacity claims against Sheriff Stephen Korte and Deputy Unknown Moser, employees of Pike County, fail to state a claim for relief.

The Court notes that even if Plaintiff had brought individual capacity claims against the defendants as well, these claims would also fail. Deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). But "[t]he Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). When a delay in treatment is alleged to have violated an inmate's constitutional rights, a court measures the objective severity of the deprivation "by reference to the *effect* of the delay in treatment." *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)). To support a claim based on a delay in treatment, a plaintiff must present "verifying medical evidence" showing that the delay in treatment had detrimental effects. *Id.* at 1119-20*; see also Holden*, 663 F.3d at 342 ("A prisoner alleging a delay in treatment must present verifying medical evidence that . . . [the] delays adversely affected his prognosis.").

Here, Plaintiff alleges that his rights were violated because he was not provided medical care at the scene of the accident.  He admits to having seen a nurse upon his arrival back at prison "that same afternoon."  ECF No. 1 at 4.  Plaintiff alleges no facts (nor any medical evidence) demonstrating that this delay in treatment had a detrimental effect on him.  A delay as brief and as non-detrimental as Plaintiff alleges does not state a claim for deliberate indifference to his serious medical needs.  *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (concluding that a one-month delay in treating a fractured finger did not rise to a constitutional violation); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (finding that a prisoner's claim for delay of one month between complaint of leg pain and visit with doctor was insufficient to state a constitutional claim).

Accordingly, Plaintiff's claims against defendants Sheriff Korte and Deputy Moser will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

## II.     Defendant Pike County Sheriff's Department

The complaint is also subject to dismissal as to defendant Pike County Sheriff's Department because departments or subdivisions of local government are not suable entities under 42 U.S.C. § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983).  Therefore, Plaintiff's complaint fails to state a valid § 1983 claim as to defendant Pike County Sheriff's Department as well.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $3.36 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to add "Pike County Sheriff's Department" to the docket sheet as a defendant in this matter.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any defendant because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendants Stephen Korte, Deputy Unknown Moser, and Pike County Sheriff's Department are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of March, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE